Hon. JONATHAN ROSS,  
Hon. WHEELOCK G. VEAZEY, } Assistant Judges.  
Hon. RUSSELL S. TAFT,

---

### S. R. MILLER *v.* HIRAM MANN.

#### *Deed. Words in " Land Adjoining," Construed.*

1. A deed, conveying a hotel does not convey, by force of the words, " *and lands adjoining it, being two or three acres, more or less,*" a small island in a river back of the land on which the hotel stands.

2. One of the defendant's grantors, owning the land on both sides of the river opposite the island in question, deeded that parcel " on the westerly side of the " river. The main channel was on the easterly side of the island. *Held,* that the deed included all the land to the thread of the main channel, and, therefore, the island.

3. The description in a deed, commencing at a certain point on the river and only running around three sides of a piece of land to another point on the same river, closed with these words: " *meaning to convey all the land east of the said mentioned bounds that I own.*" The land was on the west side of the river, and the grantor owned to the river. *Held,* that the deed was not void for uncertainty.

TRESPASS. Heard on the report of a referee, April Term, 1882, POWERS, J., presiding. Judgment for the defendant. The action was brought to settle the question of title to Spruce Island, so called, in the " north branch " of Lamoille river.

The plaintiff claimed title to the island by virtue of a deed executed to him by Henry Smilie, October 9th, 1875, the description of which is as follows :

" The hotel now occupied by S. R. Miller and the land adjoining the same, containing two or three acres, more or less . . being the same land and premises which Moses McFarland conveyed to Francis Parks by deed dated July 6, 1875, and the same land which Francis Parks deeded to Henry Smilie, Oct. 7, 1875."

The defendant claimed that the title of the island was in George Mann by virtue of a deed executed to him October 16th, 1871, by the said Moses McFarland ; and that the trespass complained of was by his direction. As to this the referee found :

" It was agreed that on October 16, 1871, the date of George Mann's said deed, Moses McFarland was the owner of the hotel property, the George Mann shop and land, the island, and claimed to own the Mary Johnson land on the west side. The land on the west side was conveyed to said McFarland April 25, 1867, by Mary Johnson ; but the description of the land by reference is found in a deed from Erastus Chaffee to Nason Chaffee (one of said Mary's grantors), dated March 28, 1861, and is as follows : ' Commencing twelve feet north of D. C. Hurlburd's barn the south side of the road leading to my house, thence on the south side of the road running northerly to a stake and stone on the east side of said road near the brook, thence easterly to a stake and stone on the line between said land and land owned by Chauncey Warner, and formerly owned by Robert Herren, thence easterly to the branch, meaning to convey all the land east of said mentioned bounds that I own.'

" It will be noticed that this description stops at the branch, the lines not being traced back to the Hurlburd barn, the place of beginning. But no question was made as to said McFarland's title to the land on the west side of the west branch, and the referee has stated the description above in view of the defendant's claim that the island passed to McFarland thereunder and to George Mann from McFarland.

" After the deed to the defendant in October, 1871, McFarland continued to own and occupy the hotel property till he leased it to

the plaintiff January 10, 1874. During that time from 1871 to 1874 he occupied as the hotel property all the land in the rear of the buildings to the branch, as shown on the plan, and to some extent the lower or Spruce island. He planted a few hills of tomatoes on the island for one or two years, cut a few bushes there and had all the possession of the island that anybody had during that time.

" After the plaintiff went into possession in 1874, till January, 1881, he has occupied the island to some extent—one year raising a few potatoes there and occasionally clearing off floodwood that lodged thereon. But the island is incapable of much occupancy of practical value. . . . .

" In October, 1871, probably twice as much water ran in the east branch as in the west, and this relative size of the currents had existed for many years."

The description in the deed from Moses Chaffee to Rowell, dated January 4th, 1839, was as follows:

" All of that part or portion of lots number forty-five and forty-six . . . . . which lies on the westerly side of the north branch (so called) of Lamoille river."

The trespass complained of was committed in January, 1881. Said McFarland executed a quit-claim deed of this island to the defendant, November 24th, 1880; and he also defended under this deed, if not protected by the George Mann deed. The other facts appear in the opinion.

*M. O. Heath,* for the plaintiff.

By a fair construction of the plaintiff's deed the description covers the island. Doubtful words are to be taken most strongly against the grantor. 2 Wait Act. & Def. 504. The construction ought to be such as will carry into effect the intention of the parties. 3 Wash. Real Prop. 333 ; *Colby* v. *Colby,* 28 Vt. 10. The words, " and the lands adjoining," are equivalent to the words, " all lands thereto appertaining." These last when connected with a grant of a house will pass all lands usually occupied therewith. The term, " messuage," in some cases includes not only the dwelling-house, but the curtilage, orchard, garden, &c. 3 Wash. Real Prop. 343. It is clear from the occupancy of the island by the plaintiff and his grantors that the intent was to

convey it with the hotel. *Bailey* v. *White*, 41 N. H. 337; 35 Mo. 293. The deed under which the defendant claims is void for uncertainty. *Townsend* v. *Downer*, 23 Vt. 226; 41 N. H. *supra.* See also *Child* v. *Starr*, 4 Hill. (N. Y.) 369; 14 Pa. 171; 56 N. Y. 526; 45 Me. 9; 22 Vt. 484; 3 Kernan, 296. The plaintiff was in possession; the defendant a mere stranger. See 39 Vt. 359; 24 Vt. 542; 2 Wait Act. & Def. 508; 7 Allen, 205.

*H. M. McFarland* and *Edson, Cross & Start,* for the defendant.
The deed from Erastus Chaffee to Nason Chaffee, dated March 28th, 1861, is not void for uncertainty. *Townsend* v. *Downer*, 23 Vt. 225; *Adams* v. *Warner*, 23 Vt. 395; *Lippett* v. *Kelley*, 46 Vt. 516; *Hull* v. *Fuller*, 7 Vt. 100; *Blake* v. *Doherty*, 5 Wheat. 359; 3 Pick. 348; 3 Wash. Real Prop. 342–351. A riparian owner owns to the middle of the stream. Angell Water Cour. (3 Ed.) 612; 3 Wash. Real Prop. 353; *Storer* v. *Fruman*, 6 Mass. 439; *McCullock* v. *Aten*, 2 Ohio, 425; *Haudley* v. *Anthony*, 5 Wheat. 374; *Johnson* v. *Panuel*, 2 Wheat. 206. Boundary lines terminating on a stream continue to the *medium filum* of the main stream. 3 Kent Com. 348; *Perley* v. *Chandler*, 6 Mass. 554. Islands in rivers belong to the nearest shore. *Lunt* v. *Holland*, 14 Mass. 150; *Clermont* v. *Carlton*, 2 N. H. 369; *Grover* v. *Fisher*, 5 Green (Me.), 69. It is clear that George Mann obtained title to the island by the McFarland deed; because the main stream as found by the referee is and was, January 4, 1839, the east stream; because Spruce island is nearer the west than east shore. Spruce island did not pass as appurtenant to the hotel property; for land cannot pass as appurtenant to land. 22 Vt. 484, 588; 8 Allen (Mass.) 292; 7 Mass. 6; 28 Vt. 672; 36 Vt. 269; 2 Greenleaf's Cruise (1850 Ed.), 340.

The opinion of the court was delivered by

VEAZEY, J. The description of the land in the deed under which the plaintiff claims title is as follows: " The hotel now occupied by S. R. Miller, and the lands adjoining it, being two or three acres, more or less." The land in dispute was separated from the land on which the hotel stood by a river, the size of

which is not given, but large enough for a mill stream. We are referred to no case and have found none where the term "lands adjoining," as used in the description, is defined. The river at this point had two channels, and the disputed land was a portion of a small and nearly worthless island between these channels, and separated from the land on which the hotel stood by the main channel. The plaintiff's grantor had subsequently to the plaintiff's deed conveyed it to the defendant. We do not think the words "land adjoining" are synonymous with "messuage" and "curtilage;" and if they were it would not aid the plaintiff, as these terms are not broad enough to take in this island, which was beyond the thread of the river. Neither did the island pass as appurtenant to the hotel property, because land cannot pass as appurtenant to land. *Buck* v. *Squiers*, 22 Vt. 484; *Ammidown* v. *Bank*, 8 Allen, 292.

It is also claimed that this expression, "lands adjoining," is equivalent to the expression, "and all lands thereto appertaining." The words "adjoining" and "appertaining" are not synonymous. As descriptive words in a deed, "adjoining" usually imports contiguity; "appertaining," use, occupancy. One thing may appertain to another without adjoining or touching it. Proof that pieces of land adjoin would not be proof that one appertained to the other. Neither in literal meaning, nor as used in deeds, are they equivalent. Under the rules of construction applicable to deeds, in an action of trespass, the term, "lands adjoining," was too indefinite to make the grant extend beyond the *medium filum* of the main channel of the river. The term cannot be construed literally, as there is no limit to adjoining land.

The defendant claimed title to the land in dispute, called Spruce island, from different sources. One was by deed of Moses McFarland, dated October 16, 1871, the description being by reference to a former deed, and being found in the deed of Erastus Chaffee to Nason Chaffee, dated March 28, 1861. As we understand the referee's report, the description in said last mentioned deed ran around three sides of a piece of land on the westerly side of the river in question, called the North Branch of Lamoille River, beginning at one point on the river, and running around to another

point, and then instead of describing the fourth side by running on the bank of the river from the point last arrived at to the place of beginning, the description closed with the words "meaning to convey all the land east of said mentioned bounds that I own." As we understand the report, the grantor in that deed owned all the land east of the three lines described, to the river, and there was no question in reference to his ownership. The plaintiff claims this deed was void for uncertainty. That is held certain which is capable of being rendered certain, according to the maxim *id certum est*, &c. The fact of the grantor's ownership to the river made the description and the intent of the deed certain as to the extent of the grant. If he owned to the river he owned and conveyed to the thread of it, that is, the thread of the main channel. This would take in Spruce Island. See authorities cited in defendant's brief. The only doubt on this branch of the case arises from the fact that the main channel at some time changed from the branch westerly of the island to where it now is, easterly of the island; and we infer this was partially brought about by artificial means and not wholly by natural deposits and accretions. The description on which the defendant defends runs back to the deed of Catlin to Rowell, dated July 4, 1839, and the grantor then owned on both sides of the stream. If the east branch was then the main channel, it is plain that the island was covered by the description in that deed. The referee does not say when that change took place, but says, "many years past, say forty or more." Upon this finding and in the absence of anything to the contrary, we think we should solve the question of the location of the main channel at the date of said deed in favor of the grantees of Moses Catlin. Upon this view Geo. Mann obtained the title to this island about four years before the plaintiff's pretended title; and this makes a complete defence as the case stands, in reference to the defendant Hiram Mann and said G. H. Mann, and renders it unnecessary to notice the other grounds of defence.

The *pro forma* judgment of the County Court is affirmed.